AIRCO, INC., Plaintiff,

v.

Rogers C. B. MORTON, Secretary of the Interior et al., Defendants.

No. 75 Civ. 904 (HFW).

United States District Court,
S. D. New York.

Jan. 5, 1977.

## ORDER

WERKER, District Judge.

Plaintiff and defendants having both moved the Court for summary judgment, and it appearing to the Court that there is no genuine issue as to any material fact and that plaintiff and defendants, respectively, are each entitled to partial judgment as a matter of law, and

Upon consideration of the complaint and the answer, plaintiff's motion for summary judgment, its statement pursuant to General Rule 9(g), the affidavit of William Kulovitz, and the memorandum of law in support of plaintiff's motion, defendants' motion for summary judgment, their statement pursuant to General Rule 9(g), the affidavits of Ray D. Munnerlyn, Alvin L. Harder, and Herbert L. Kalman, and the memorandum of law in support of defendants' motion, plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supplemental affidavit of William Kulovitz, defendants' opposing statement pursuant to General Rule 9(g), and all relevant matters of record, and after hearing counsel for the respective parties, the Court finds that:

1. Section 6(a) of the Helium Act Amendments of 1960, 50 U.S.C. § 167d(a) provides that the Department of Defense, the Atomic Energy Commission, and other agencies of the Federal Government, "to the extent that supplies are readily available, shall purchase all major requirements of helium from the Secretary of the Interior." The phrase "to the extent that supplies are readily available" refers to quantities of helium which the Secretary has on hand for sale, not to the particular form in which those quantities are stored. Helium is "readily available" from the Secretary if he has on hand a quantity of helium sufficient to supply the current requirements of an agency or its contractors, irrespective of whether this quantity is available in gaseous or liquid form.

2. The Secretary of the Interior may, by contract, require, as a condition of eligibility to distribute helium for the Bureau of Mines of the Department of the Interior, that a distributor report to the Bureau of Mines all sales of helium to Federal agency contractors or subcontractors made under purchase orders, contracts or other agreements which call for supply of Bureau of Mines or Government helium and that such distributor purchase sufficient quantities of helium from the Bureau of Mines to compensate for such sales. The Secretary may not accomplish this, however, by incorporating by reference in such contracts the federal regulations declared unlawful in *Air Reduction Co. v. Hickel,* Civ. No. 2880–68 (D.D.C., filed Dec. 9, 1968), *aff'd,* 137 U.S.App.D.C. 24, 420 F.2d 592 (1969).

3. The plaintiff has entered into two contracts with Federal contractors under which it certified that the helium it delivered to those Federal contractors would be Bureau of Mines helium. The plaintiff is obligated to comply with the terms of those contracts.

4. All portions of the regulations now appearing in Part 602 of Title 30 of the Code of Federal regulations which require reporting sales of helium by plaintiff to Federal agency contractors or subcontractors and which require plaintiff to purchase from the Bureau of Mines quantities sufficient to compensate for such sales were enjoined by the United States District Court for the District of Columbia by order dated December 9, 1968, in *Air Reduction Co. v. Hickel, supra.* Accordingly, it is hereby

ORDERED, that the motion by plaintiff for summary judgment is granted insofar as it seeks a declaration that it is not re-

quired to comply with the requirement of 30 C.F.R. Part 602 that it report to the Bureau of Mines sales of helium to contractors of Federal agencies; and it is further

ORDERED, that the motion by the defendants for summary judgment is granted, and the complaint is dismissed, insofar as the complaint seeks a declaration that the defendants are acting unlawfully with respect to plaintiff's sales of liquid helium to Federal agencies by treating such sales as subject to all statutory, regulatory and contractual requirements, including the requirement that such sales be of Bureau of Mines helium, as that phrase is defined in the regulations, so long as helium sufficient to fill such sales orders is readily available in either gaseous or liquid form from the Secretary of the Interior; and it is further

ORDERED, that the plaintiff's motion for summary judgment is denied, and the defendants' cross-motion for summary judgment is granted, and the complaint is dismissed, insofar as the complaint seeks a declaration that the phrase "to the extent that supplies are readily available," which appears in section 6(a) of the Helium Act Amendments of 1960, 50 U.S.C. § 167d(a), should be interpreted and implemented by the defendants so that supplies of helium would only be deemed "readily available" if such supplies were available from the Secretary of the Interior in the same physical state as demanded by the purchaser; and it is further

ORDERED, that the plaintiff's motion for summary judgment, to the extent that it seeks a permanent injunction against the defendants, is granted in part, and the defendants are hereby permanently enjoined from enforcing against plaintiff, as to sales made during the period January 1, 1974 through June 30, 1974 or thereafter, the requirement of 30 C.F.R. Part 602 that sales of helium to contractors of Federal agencies be reported; and it is further

ORDERED, that the motions of plaintiff and defendants for summary judgment are both denied except as to the extent indicated above.

SO ORDERED.